UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BATTERY ON THE GO, INC. d/b/a XSORii, Case No.

Plaintiff,

v.

THE WALT DISNEY COMPANY,

Defendant.
______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff Battery on the Go, Inc. is one of the leading producers of portable battery chargers offering convenient transportability, high capacity, and extreme durability for smartphones. Battery on the Go is the proprietor of the PowerBar® trademark and has used the mark since 2012 to advertise and sell its products in the United States and throughout the world. As a result of the exceptional quality of goods produced by Battery on the Go under the PowerBar® mark, and the considerable efforts expended by Battery on the Go in its promotion, the mark has achieved worldwide recognition for first-rate portable battery chargers. Defendant The Walt Disney Company has engaged in unfair competition and deceptive and unfair trade practices, and has infringed Battery on the Go's exclusive right to the mark, by repeatedly using it over a period of years to market and sell its own, albeit low quality, portable battery chargers. Accordingly, Battery on the Go seeks injunctive and monetary relief, including the disgorgement of millions of dollars in profits that have been illegally kept by Defendant.

**THE PARTIES**

2. Battery on the Go, Inc. d/b/a XSORii ("Battery on the Go") is a corporation

organized under the laws of the State of Florida with its principal place of business located in Miami-Dade County, Florida.

3. Defendant The Walt Disney Company ("Disney") is a corporation organized under the laws of the State of Delaware with its principal place of business in Burbank, California, which improperly sells products bearing the PowerBar® trademark.

**JURISDICTION AND VENUE**

4. This is a civil action seeking damages and injunctive relief for trademark infringement under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., and under the trademark infringement and unfair competition and deceptive and unfair trade practices laws of Florida, including Fla. Stat. § 501.201 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (jurisdiction over trademark actions). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Venue is proper in Florida under 28 U.S.C. § 1391(b)(2), (c) because this Court has personal jurisdiction over Disney and acts of infringement concerning the PowerBar® mark occurred within Florida, including within this District.

**TRADEMARK INFRINGEMENT**

**Battery on the Go's POWERBAR® Mark**

5. Battery on the Go designs and sells battery chargers, batteries, cases, and cables under the name XSORii, a lifestyle brand renowned for attractiveness, convenience, style, and design.

6. Battery on the Go markets and sells in every state and abroad, PowerJam wireless Bluetooth speakers, hats, and headbands; the Power-Max Jump Starter, which fits in the palm of one's hand but, with an electrical charge capacity of 13,600 milliamperes per hour (mAh), can jump start a car or truck up to ten times on a single charge; power accessories such as PowerBank

key chain chargers, iPhone and multi-use USB cables, USB car chargers, wall chargers, make-up cases, clock radios, neoprene Bluetooth ski masks, Bluetooth gloves, powered cellphone cases, and 30-pin adapters; and its PowerBar® line of portable battery chargers.

7. Battery on the Go's PowerBar® products encompass fluid design elements combined with proprietary li-polymer organic blend battery technology that delivers industry leading results. The XSORii® 12,000 mAh Organic PowerBar® charges all smartphones up to ten times before it needs to be re-charged. This equates to hundreds of hours of talk time. The 6,000 mAh Organic PowerBar® charges smartphones up to five times before re-charging, and the 3,000 mAh PowerBar®, while smaller in size, provides robust charging capabilities for smartphones and hundreds of small electronics and portable devices with ease. These products retail for $169.99, $109.99, and $59.99, respectively. Battery on the Go also offers 15,000, 10,000, and 6,000 mAh wood grain PowerBar® portable battery chargers. All PowerBar® chargers feature mAh li-polymer organic blend battery technology, include a cable that works with smartphone models for the years 2001 to 2014, and have dual USB outputs for tablets and smartphones.

8. Battery on the Go owns U.S. Standard Character Mark No. 4,482,290 for the mark POWERBAR®. A copy of the registration certificate for the POWERBAR® mark is attached hereto as **Exhibit A**. The date of first use in commerce of the POWERBAR® mark is May 25, 2012. Battery on the Go's registration for the POWERBAR® mark issued on February 11, 2014.

9. Since in or around May 2012, Battery on the Go has used its POWERBAR® mark to sell and promote battery charging products under the mark in all fifty states and internationally. In or around 2012, Battery on the Go launched on cable, satellite, and broadcast television network, QVC, which broadcast Battery on the Go's PowerBar® products to 235 million households in domestic and foreign markets.

10. In or around 2013, Battery on the Go began placing its PowerBar® products in retail



ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

locations that promote brand positioning, including Best Buy; RadioShack; Techshowcase, which sells Battery on the Go's PowerBar® products in its retail stores located in the international airports of Atlanta, Boston, Miami, Philadelphia, Raleigh-Durham, and San Francisco; TigerDirect, a direct online and catalog retailer of computers and consumer electronics with headquarters in Florida; Verizon; and 7-Eleven. Plaintiff's PowerBar® products are sold in over 2,700 retail stores in the United States.

11. In or around 2014, Battery on the Go increased its nationwide consumer electronics retail presence to include Fry's Home Electronics, which operates stores in Arizona, California, Georgia, Illinois, Indiana, Nevada, Oregon, Texas, and Washington; Dick's Sporting Goods, a Fortune 500 company; InMotion Entertainment, which operates consumer electronics storefronts in airports throughout the country; and in all 148 retail locations of the Independent College Bookstore Association. This increased retail store presence was complimented by explosive sales of Battery on the Go's PowerBar® products on daily deal sites, including Beyond the Rack, CBS Deals, City Hits, Groupon, iPhone Life, LivingSocial, No More Rack, Plum District, Shop NBC, Stack Social, Troop Swap, Yugster, and Zulily.

12. In or around 2014, Battery on the Go's websites, batteryonthego.com and xsorii.com, received 3.2 million unique visits and 4.8 million page views, with an average time on site of four minutes and twenty-two seconds. Battery on the Go makes its PowerBar® products available for direct sale to the public through its websites.

13. In or around 2015, Battery on the Go began to market and sell its PowerBar® products in Canada and Mexico, giving Battery on the Go a full global footprint for the distribution of its PowerBar® products in over 35,000 retail locations in seven countries.

14. Battery on the Go was the first consumer electronics portable power brand to launch on Facebook and QVC, market portable power products focused on the female market, offer power



ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

products in eight color variations to appeal to particular audiences, and include a certified Apple iPhone 5 USB cable in its packaging. Battery on the Go has launched its PowerBar® products with "A" list celebrities, athletes, and disc jockeys, such as Chris Andersen and Jamie Foxx.

15. As a result of the substantial time, effort, and energy of the committed individuals at Battery on the Go, the POWERBAR® mark has become recognized and associated with the highest quality and most attractive portable battery chargers in the market.

**Disney's Infringement of the POWERBAR® Mark**

16. Defendant Disney markets and sells portable battery chargers available for sale to the public on its retail website, at http://www.yourwdwstore.net/Accessories_c_630.html, and, upon information and belief, at its retail locations throughout the country and the world, including Florida. Disney advertises and packages its infringing products under the names "Disney Power Bar – D-Tech Logo" and "Disney Battery Power Bar – Mickey Mouse."

17. On its website, Disney describes the D-Tech product as providing consumers with the ability to "[f]ire-up your smartphones, MP3 players, and other digital devices with this portable battery power bar . . . ." Disney similarly describes its Mickey Mouse "Power Bar" as follows: "Need a little more power in a clinch? You can get it with this handy little helper resembling Mickey Mouse in color. On the move or sitting at home you can always have a little helping hand available to you."

18. Disney's two "Power Bar" products are advertised as providing 2,600 mAh. They are sold by Disney for $41.95 and $49.95, respectively.

19. Upon information and belief, Disney launched promotion and sales of its infringing portable battery chargers sometime in 2013, well after the time Battery on the Go began marketing and selling its portable chargers to the public throughout the United States and internationally under the POWERBAR® mark.


ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

20. Upon information and belief, Disney has conducted and continues to conduct its promotional activities online and in its domestic and international retail locations.

21. Upon information and belief, Disney sells its infringing "Power Bar" products in nine countries and has sold millions of such infringing products to the purchasing public.

22. Upon information and belief, Disney's conduct, including its infringing use in interstate commerce of its "Power Bar" products, was subsequent to Battery on the Go's use of its POWERBAR® mark.

23. Upon information and belief, Disney was aware of Battery on the Go's use of the POWERBAR® mark on its portable battery chargers before Disney began selling its infringing products to the purchasing public.

24. Disney is not a corporate sponsor or a corporate partner of Battery on the Go.

25. None of the proceeds from sales of Disney's "Power Bar" chargers benefits Battery on the Go.

26. In or around 2014, Battery on the Go became aware that Disney had launched a line of portable battery chargers under the name, "Power Bar."

27. On April 28, 2015, counsel for Battery on the Go sent to Disney a cease and desist letter demanding that Disney immediately cease and desist from any further use of the term POWERBAR in conjunction with the sale of its products and services, including all advertising and web pages. However, Disney, despite Battery on the Go's objections, continues to sell its products and cause consumer confusion, in violation of Battery on the Go's prior and valuable trademark rights.

28. Disney's conduct has damaged Battery on the Go by creating an erroneous impression of an affiliation or sponsorship between Disney and Battery on the Go, and has impaired Battery on the Go's sales and promotional activities.

29. Disney's conduct has damaged Battery on the Go by creating the potential for reverse confusion in that consumers would believe that Disney is the senior user of the POWERBAR® mark and that Battery on the Go is a junior user, infringer, and/or a competing entity rather than the real proprietor of PowerBar® portable battery chargers.

30. Disney's conduct has damaged Battery on the Go's reputation as a distributor of high quality consumer electronics, through Disney's marketing and sales of poorly and cheaply made, infringing products.

31. Disney's conduct has damaged Battery on the Go by diluting the distinctive quality of the POWERBAR® mark.

32. All conditions precedent to bringing this action have been waived, excused, performed, or otherwise occurred.

**COUNT I**
**Infringement of Registered Trademark under 15 U.S.C. § 1114(1)**

33. Battery on the Go re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

34. This is a claim for infringement of the federally registered POWERBAR® mark, as depicted in the attached Exhibit A.

35. Disney's conduct as alleged herein constitutes a willful and knowing attempt to trade on the goodwill which Battery on the Go owns and has developed in the POWERBAR® mark.

36. Disney's conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, leading them to mistakenly believe that Disney's goods and services are authorized by Battery on the Go or that Battery on the Go's goods and services are authorized by Disney.


ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

37. Disney's conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, leading them to mistakenly believe that Disney's goods are those of Battery on the Go, or vice versa, in violation of 15 U.S.C. § 1114(1).

38. Disney's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Battery on the Go, as described herein.

39. Battery on the Go has no adequate remedy at law.

40. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendant's conduct.

**COUNT II**
**Unfair Competition and False Advertisement under 15 U.S.C. § 1125(a)**

41. Battery on the Go re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

42. Disney's conduct, as alleged herein, is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of its goods sold and services provided under the term "Power Bar," and create consumer confusion as to the source of such goods and services, in violation of 15 U.S.C. § 1125(a).

43. Disney's conduct constitutes a willful and knowing attempt to trade on the goodwill which Battery on the Go has developed in its POWERBAR® mark, and violates Battery on the Go's trademark rights in its POWERBAR® mark.

44. As a result of Disney's conduct, Disney has caused Battery on the Go irreparable harm and injury and will continue to do so unless Disney is restrained and enjoined by this Court from further violation of Battery on the Go's rights.

45. Battery on the Go has no adequate remedy at law.

46. Battery on the Go has suffered and continues to suffer substantial harm as a result


ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

of Defendant's conduct.

**COUNT III**
**Trademark Dilution under 15 U.S.C. § 1125(c)**

47. Battery on the Go re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

48. Battery on the Go's distinctive trademark is famous throughout the world, and in particular in Florida.

49. Upon information and belief, Disney's unauthorized use of the POWERBAR® mark began after the POWERBAR® mark became famous.

50. Disney's conduct has caused dilution by blurring and tarnishment of the distinctive quality of the POWERBAR® mark, in violation of 15 U.S.C. § 1125(c).

51. As a result of Disney's conduct, Disney has caused Battery on the Go irreparable harm and injury and will continue to do so unless Disney is restrained and enjoined by this Court from further violation of Battery on the Go's rights.

52. Battery on the Go has no adequate remedy at law.

53. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendant's conduct.

**COUNT IV**
**Infringement of Registered Trademark under Fla. Stat. § 495.131(1), (2)**

54. Battery on the Go re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

55. Disney's conduct as alleged herein is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of its goods sold and services provided under the term "Power Bar," and create consumer confusion as to the source of such goods and services, in violation of Fla. Stat. § 495.131(1), (2).


ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

56. Disney's conduct constitutes a willful and knowing attempt to cause confusion or mistake or to deceive, and violates Battery on the Go's trademark rights in its POWERBAR® mark.

57. As a result of Disney's conduct, Disney has caused Battery on the Go irreparable harm and injury and will continue to do so unless Disney is restrained and enjoined by this Court from further violation of Battery on the Go's rights.

58. Battery on the Go has no adequate remedy at law.

59. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendant's conduct.

**COUNT V**
**Trademark Dilution under Fla. Stat. § 495.151(1)**

60. Battery on the Go re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

61. Battery on the Go's distinctive trademark is famous throughout the world, and in particular in Florida.

62. Upon information and belief, Disney's unauthorized use of the POWERBAR® mark began after the POWERBAR® mark became famous.

63. Disney's conduct has caused dilution of the distinctive quality of the POWERBAR® mark, in violation of Fla. Stat. § 495.151(1).

64. As a result of Disney's conduct, Disney has caused Battery on the Go irreparable harm and injury and will continue to do so unless Disney is restrained and enjoined by this Court from further violation of Battery on the Go's rights.

65. Battery on the Go has no adequate remedy at law.

66. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendant's conduct.


ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

**COUNT VI**
**Deceptive and Unfair Trade Practices under Fla. Stat. § 501.204**

67. Battery on the Go re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

68. The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce. Fla. Stat. § 501.204.

69. At all relevant times, Disney advertised, solicited, provided, offered, and/or distributed goods, and was thereby engaged in “trade or commerce” as defined by Fla. Stat. § 501.203(8).

70. At all relevant times, Battery on the Go was a “consumer” or “person” as defined by Fla. Stat. § 501.203(7).

71. Disney’s conduct as alleged herein was deceptive and unfair, and constitutes an intentional, willful, and reckless disregard of Battery on the Go’s rights and an attempt to trade on the goodwill which Battery on the Go has developed in its POWERBAR® mark, all to the damage of Battery on the Go.

72. As a result of Disney’s conduct, Disney has caused Battery on the Go irreparable harm and injury and will continue to do so unless Disney is restrained and enjoined by this Court from further violation of Battery on the Go’s rights.

73. Battery on the Go has no adequate remedy at law.

74. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendant’s conduct.

## COUNT VII
## Trademark Infringement under Common Law

75. Battery on the Go re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

76. Disney's conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Disney is affiliated with, related to, sponsored by, or connected with Battery on the Go, in violation of the common law of the State of Florida.

77. Disney's conduct is thereby likely to confuse and deceive members of the purchasing public as to the source of portable battery chargers as a result of Disney's infringing use of the PowerBar® mark with portable battery chargers.

78. Disney's conduct also constitutes an intentional, willful, and reckless disregard of Battery on the Go's rights by Disney and an attempt to trade on the goodwill which Battery on the Go has developed in its POWERBAR® mark, all to the damage of Battery on the Go.

79. As a result of Disney's conduct, Disney has caused Battery on the Go irreparable harm and injury and will continue to do so unless Disney is restrained and enjoined by this Court from further violation of Battery on the Go's rights.

80. Battery on the Go has no adequate remedy at law.

81. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendant's conduct.

## COUNT VIII
## Unfair Competition under Common Law

82. Battery on the Go re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.


ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

83. Disney's conduct as alleged herein constitutes misappropriation of valuable property rights of Battery on the Go and trading on the goodwill symbolized by the PowerBar® mark, and is thereby likely to confuse and deceive members of the purchasing public as to the source of Battery on the Go's goods as a result of Disney's infringing use of the PowerBar® mark.

84. By virtue of Disney's conduct, Disney has engaged in unfair competition in violation of the common law of the State of Florida.

85. Disney's conduct also constitutes an intentional, willful, and reckless disregard of Battery on the Go's rights and an attempt to trade on the goodwill which Battery on the Go has developed in its POWERBAR® mark, all to the damage of Battery on the Go.

86. As a result of Disney's conduct, Disney has caused Battery on the Go irreparable harm and injury and will continue to do so unless Disney is restrained and enjoined by this Court from further violation of Battery on the Go's rights.

87. Battery on the Go has no adequate remedy at law.

88. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff Battery on the Go, Inc. requests that this Court:

A. Grant temporary, preliminary, and permanent injunctive relief enjoining Defendant The Walt Disney Company and any principals, agents, servants, employees, successors, and assigns of Defendant Disney and all those in privity, concert, or participation with Defendant Disney from:

i. imitating, copying, duplicating, or otherwise making any use of the PowerBar® mark or any mark confusingly similar to the PowerBar® mark;



ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

ii. manufacturing, producing, distributing, circulating, selling, or otherwise creating goods which bear any copy or colorable imitation of the PowerBar® mark;

iii. using any unauthorized copy or colorable imitation of the PowerBar® mark in such fashion as is likely to relate or connect Disney with Battery on the Go;

iv. using any false designation of origin or false description which can or is likely to lead the public, or individual members thereof, to believe mistakenly that any goods or service advertised, promoted, offered, or sold by Disney are sponsored, endorsed, connected with, approved, or authorized by Battery on the Go;

v. causing likelihood of confusion or injury to Battery on the Go's business reputation and to the distinctiveness of the PowerBar® mark by unauthorized use of a confusingly similar or identical mark;

vi. engaging in any other activity constituting unfair competition or infringement of the PowerBar® mark or Battery on the Go's rights in, or to use, or to exploit same; and

vii. assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

B. Find that Disney has infringed Battery on the Go's mark in violation of federal law and has damaged Battery on the Go's goodwill by its conduct.

C. Find that Disney has unfairly competed with Battery on the Go and committed false advertisement by the acts complained of herein, in violation of federal law.


ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

D. Find that Disney has caused dilution of the distinctive quality of Battery on the Go's mark, in violation of federal law.

E. Award Battery on the Go monetary damages including all of Disney's profits or gains of any kind resulting from its willful infringement and/or acts of unfair competition, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117, for damages totaling at least **$50,000,000**.

F. Award Battery on the Go its attorneys' fees and costs, and award such fees under 15 U.S.C. § 1117 due to the exceptional nature of this case.

G. Find that Disney has committed trademark infringement and trademark dilution in violation of Florida law and grant Battery on the Go temporary, preliminary, and permanent injunctive relief together with all profits derived from and/or damages suffered by reason of Disney's conduct, or damages in an amount to be fixed by the Court in its discretion as just, together with Battery on the Go's attorneys' fees and costs, pursuant to Fla. Stat. §§ 495.131, 495.141(1), and 495.151(2).

H. Find that Disney has committed deceptive and unfair trade practices in violation of Florida law and grant Battery on the Go damages, attorneys' fees, costs, and interest, pursuant to Fla. Stat. §§ 501.211(1)-(2) and 501.2105.

I. Find that the acts of Disney constitute trademark infringement in violation of the common law of the State of Florida.

J. Find that the acts of Disney constitute unfair competition in violation of the common law of the State of Florida.

K. Award Battery on the Go exemplary damages in view of the intentional, willful, wanton, and reckless disregard of its rights by Disney.

L. Award Battery on the Go pre and post-judgment interest according to law.



ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

M. Award Battery on the Go such other and further relief as the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: May 26, 2015

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI & BRITO**
*Counsel for Plaintiff*
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone (305) 374-5418
Facsimile (305) 374-5428

By: /s/ Robert Zarco
**ROBERT ZARCO** (502138)
rzarco@zarcolaw.com
**ALEJANDRO BRITO** (098442)
abrito@zarcolaw.com
**GABRIEL ESTADELLA** (032094)
gestadella@zarcolaw.com