**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 1:15-CV-21973-DPG**

BATTERY ON THE GO, INC. d/b/a XSORii,

      Plaintiff,

v.

THE WALT DISNEY COMPANY*,*

      Defendant.

_____/

**DEFENDANT THE WALT DISNEY COMPANY'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Fed. Rule Civ. P. 12(b)(2), (3), and (6), Defendant, THE WALT DISNEY COMPANY ("TWDC"), respectfully requests the Court to dismiss the Complaint filed by Plaintiff, BATTERY ON THE GO, INC. d/b/a XSORii ("Plaintiff"), on the following grounds.

**SUMMARY OF ARGUMENT**

This is a trademark infringement action based solely upon TWDC's alleged use of the words "Disney battery power bar" on its packaging for a bar-shaped consumer device that charges batteries. Plaintiff's Complaint must be dismissed because, as numerous courts have held, TWDC is not subject to personal jurisdiction in Florida. Further, aside from conclusory allegations made on information and belief, the only facts pled supporting Plaintiff's claims relate solely to a website with no relation to TWDC, which itself disclaims any relationship to TWDC. Finally, Plaintiff fails to plead plausible trademark dilution claims. Plaintiff has not, and cannot, plausibly allege facts demonstrating that its recently obtained and highly descriptive (if not generic) mark "PowerBar" somehow satisfies the high threshold of fame required for dilution claims. Accordingly, this Court should dismiss the Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to this Motion to Dismiss are those alleged in the Complaint and attested to in the Declaration of Marsha Reed (attached as **Exhibit "A")**, and the other attachments submitted herewith.

## ARGUMENT

### I.    Standard of Review

Before taking any other action, a court must first determine whether it can exercise personal jurisdiction over a defendant. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). In considering a motion to dismiss for lack of personal jurisdiction, under Rule 12(b)(2), an evidentiary hearing is not required. *Melgarejo v. Pycsa Panama, S.A.*, 537 Fed. App'x. 852 (11th Cir. 2013). When the court does not hold a hearing, the plaintiff must establish *prima facie* personal jurisdiction by presenting "sufficient evidence by way of affidavits or deposition testimony to survive a motion for a directed verdict." *Id.* If plaintiff makes a *prima facie* showing of personal jurisdiction, the defendant must raise, through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction; if the defendant does so, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293 (11th Cir. 2009).

In considering a motion to dismiss for improper venue under Rule 12(b)(3), plaintiff bears the burden of showing the chosen venue is proper. As with a motion to dismiss for lack of personal jurisdiction, "the Court may consider matters outside the pleadings, such as affidavits. To the extent that the facts alleged in the complaint are uncontroverted by affidavits from the defendant, they are accepted as true for purposes of resolving the venue issue." *HME Providers, Inc. v. Heinrich*, 2010 WL 653920, at *1 (M.D. Fla. Feb. 18, 2010) (internal citations omitted).

2

In considering a motion to dismiss for failure to state a claim, under Rule 12(b)(6), the Court must accept all well-pleaded allegations of the Complaint but need not credit bare conclusory statements. *Pouyeh v. Bascom Palmer Eye Inst.*, 2015 WL 3406538, at *6 (11th Cir. May 28, 2015). Nor must the Court credit general allegations contradicted by documents attached to or referenced in the Complaint. *Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1294 & n.2 (S.D. Fla. 2014); *Meyer v. Greene*, 710 F.3d 1189, 1193 n.5 (11th Cir. 2013) (considering entire slide presentation even though only a portion of the presentation was attached to the complaint). Under the heightened pleading standards of *Twombly* and *Iqbal*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). Thus, the plaintiff must plead facts that allow the Court to draw the plausible conclusion that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept "threadbare recitals of the elements of a cause action, supported by mere conclusory statements …." *Id.* Nor should the Court credit "allegations based merely 'upon information and belief.'" *Smith v. City of Sumiton*, 578 F. App'x 933, 936 (11th Cir. 2014).

## II. <u>Grounds for Dismissal</u>

### A. <u>There Is No Basis for Personal Jurisdiction over TWDC</u>

Plaintiff has failed to allege or otherwise establish any facts supporting personal jurisdiction over TWDC in Florida. Determining whether a Florida court has personal jurisdiction over a nonresident is a two-step inquiry: (1) the complaint must allege sufficient facts to bring the action within one of the jurisdictional criteria set forth in Florida's long-arm statute, Fla. Stat. § 48.193; and (2) if the complaint properly alleges long-arm jurisdiction, sufficient minimum contacts must be demonstrated that satisfy federal due process requirements. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); *Robinson v.*

*Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996). "'Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.'" *Robinson*, 74 F.3d at 256 (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

Here, Plaintiff has failed to allege facts satisfying the federal due process requirements for either general or specific jurisdiction. General jurisdiction over a corporation exists only where "the corporation is fairly regarded as at home," such as the state where it is incorporated or has its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (internal quotation marks omitted). Plaintiff admits that TWDC "is a corporation organized under the laws of the State of Delaware with its principal place of business in Burbank, California." Compl., ¶3. Specific jurisdiction exists "where a corporation's in-state activities are not only continuous and systematic, but also give rise to the liabilities sued on." *Daimler*, 134 S. Ct. at 761 (internal quotation marks omitted). Plaintiff's sole allegation purported to support specific jurisdiction over TWDC is the conclusory statement: "this Court has personal jurisdiction over Disney and acts of infringement concerning the PowerBar® mark occurred within Florida …." Compl, ¶4. Thus, Plaintiff has failed to allege any specific contacts between TWDC and Florida that justify specific jurisdiction over TWDC in this case. Plaintiff's allegations of infringement are purely conclusory and, even if true, would fail to establish that TWDC committed any acts of infringement in Florida.

Plaintiff alleges infringing products are marketed and sold over the Internet at the website found at www.yourwdwstore.net. Compl., ¶16. Nevertheless, as stated on that website itself: "Your WDW Store, its owners (CDI Marketing), and this website are private enterprises and are not in any way affiliated with the Walt Disney Company, the Walt Disney World® Resort, or

4

any of it's [sic] affiliates, subsidiaries, or designees." *See* http://www.yourwdwstore.net/Walt-Disney-Enterperises-Inc-Affiliation_df_28.html (last visited July 22, 2015, a printed copy of which is attached as **Exhibit "B"** for the Court's convenience). Even if TWDC did control this website (which it does not), Plaintiff has failed to establish that TWDC sold any products to persons residing in Florida or otherwise targeted Florida residents through the website. *Goforit Entm't LLC, v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1330 (M.D. Fla. 2007) (dismissing trademark action on jurisdictional grounds where plaintiff failed to plead targeting of Florida residents through its website accessible in all states); *Instabook Corp. v. InstantPublisher.com* 469 F. Supp. 2d 1120, 1127 (M.D.Fla. 2006) (no evidence of website targeting Florida residents). Plaintiff also alleges "upon information and belief" that TWDC markets and sells infringing products at "retail locations throughout the country and the world, including Florida," Compl., ¶16, but fails to identify any such retail locations or any specific infringing product sold therein. Thus, Plaintiff has made only conclusory allegations and failed to allege specific facts from which the Court can conclude personal jurisdiction exists over TWDC for the purposes of this action.

Moreover, Plaintiff cannot satisfy the due process requirements for personal jurisdiction because, as shown by TWDC's Declaration, TWDC does not have sufficient contacts with the State of Florida to subject it to this Court's jurisdiction. TWDC is a publicly-traded Delaware corporation with its principal place of business in California. Reed Decl., ¶2. It is qualified to do business only in Delaware, California and New York. Reed Decl., ¶2. TWDC does not own or control retail locations in Florida. Reed Decl., ¶¶8, 9, 12. TWDC is not qualified to do business in Florida and was not qualified to do business in Florida at the time of the events described in Plaintiff's Complaint. Reed Decl., ¶4. TWDC does not conduct business in Florida. Reed Decl.,

¶5.

TWDC neither incurs Florida taxes nor pays taxes to Florida. Reed Decl., ¶6. TWDC has not appointed an agent for service of process in Florida. Reed Decl., ¶7. TWDC has no office or place of business in Florida. Reed Decl., ¶8. TWDC has no employees, telephone listings, mailing addresses, bank accounts, or real estate in Florida either now or at the time of the events described in Plaintiff's Complaint. Reed Decl., ¶9. The business activities of TWDC consist primarily of ownership of stock in a variety of corporations. Reed Decl., ¶3. TWDC is the ultimate parent of Walt Disney Parks and Resorts U.S., Inc. ("WDPR"); however, TWDC is a separate and distinct legal entity from WDPR. Reed Decl., ¶10. WDPR operates retail locations inside the Walt Disney World Resort, in Lake Buena Vista, Florida. Reed Decl., ¶11. Plaintiff does not allege that any TWDC employees or agents marketed, sold, or had any knowledge of the alleged infringing products. Nor does Plaintiff allege that TWDC, or its agents, or employees controlled the marketing or sale of any particular products. Finally, prior Court rulings have repeatedly held that TWDC is not subject to personal jurisdiction in Florida. *See Walt Disney Co. v. Nelson*, 677 So. 2d 400 (Fla. 5th DCA 1996); *Corwin v. Walt Disney Co.*, Case No. 6:02-CV-1377-ORL-19KRS (M.D. Fla. April 10, 2003), a copy is attached as **Exhibit "C"**; *Campbell v. Walt Disney Co.*, Case No. 6:02-CV-723-Orl-31JGG (M.D. Fla. Sept. 30, 2002), a copy is attached as **Exhibit "D"**; *Fairytale Fragrances, Inc. v. Walt Disney Co.*, Case No. 97-4376-CIV-NESBITT (S.D. Fla. Dec. 4, 1998), a copy is attached as **Exhibit "E"**; *All Pro Sports Camps, Inc. v. Walt Disney Co.*, Case No. 94-1140-CIV-ORL-19 (M.D. Fla. June 16, 1995), a copy is attached as **Exhibit "F"**; *White v. Walt Disney Imagineering, Inc.*, Case No. CI93-8256 (Fla. Cir. Ct. Orange County, July 17, 1997), a copy is attached as **Exhibit "G"**; *Buchanan v. Walt Disney World Co.*, Case No. CI87-7646 (Fla. Cir. Ct. Orange County, June 13, 1987), a copy is attached

as **Exhibit "H"**. Accordingly, Plaintiff has failed to plead facts to establish a *prima facie* basis for personal jurisdiction over TWDC.

### B.  Venue Is Not Proper in Florida

Plaintiff has failed to allege or otherwise establish any facts supporting venue in this Court. Pursuant to 28 U.S.C. § 1391(b):

> A civil action may be brought in--
> (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In considering 28 U.S.C. § 1391(b)(2), the subpart asserted here (Compl. ¶4), the Court must focus on the actions of the defendant alleged to have caused the wrong. *See Sterling Wholesale, LLC v. Travelers Indem. Co. of Connecticut*, 2012 WL 1991456, at *2 (S.D. Fla. May 29, 2012).

As discussed above in relation to personal jurisdiction, Plaintiff correctly alleges that TWDC is a Delaware corporation with its principal place of business in California. Compl. ¶3; Reed Decl., ¶2. Thus, venue is not proper under 28 U.S.C. § 1391(b)(1). TWDC is subject to personal jurisdiction in Delaware, New York, and California, and a properly pled action could be brought in those states. Thus, venue is not proper under § 1391(b)(3).

With respect to § 1391(b)(2), the Court must focus on TWDC's activities in this district that allegedly harmed Plaintiff. *See Sterling Wholesale*, 2012 WL 1991456, at *2. Here, Plaintiff asserts a cause of action for trademark infringement and other related causes of action based on TWDC's alleged sales or marketing of consumer products in a manner likely to cause confusion with Plaintiff's products; however, Plaintiff fails to allege any specific actions taken by TWDC.

As discussed above, TWDC does not operate retail stores or otherwise conduct business in Florida. Reed Decl., ¶¶5, 12. Thus, Plaintiff cannot establish venue in Florida based on TWDC's activities.

### C.  The Complaint Fails to State a Plausible Claim for Relief

To prevail on a trademark infringement claim based on a federally registered mark, "the registrant must show that (1) its mark was used in commerce by the defendant without the registrant's consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive." *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc*., 496 F.3d 1231, 1241 (11th Cir. 2007). The first step of a trademark infringement action is to demonstrate an unauthorized "use" of the plaintiff's mark in commerce. *Id*. (citing *SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 77 F.3d 1325, 1343–44 (11th Cir.1996) (the "starting point" of a Lanham Act claim is that the plaintiff had enforceable rights in the mark and that the defendants engaged in a "use" of the mark)). Plaintiff fails to allege any acts of TWDC that would support its claims for trademark infringement, unfair competition and false advertising, dilution, and deceptive and unfair trade practices.

### 1.  Plaintiff Fails to Allege Any Connection Between TWDC and the Alleged Infringement, Dilution, or Other Violations

The only factual allegation of any infringement by TWDC in the Complaint is made solely "on information and belief." Compl., ¶16 ("Defendant [TWDC] markets and sells portable battery chargers available for sale to the public on its retail website, at http://www.yourwdwstore.net/Accessories_c_630.html, and, upon information and belief, at its retail locations throughout the country … including Florida."). As noted above, however, the Complaint does not, and cannot, allege any facts supporting any connection between TWDC and the website referenced at ¶16. The website itself states that there is no relationship between

TWDC and that website or the company that operates it. *See* **Exhibit "B"** ("Your WDW Store, its owners (CDI Marketing), and this website are private enterprises and are not in any way affiliated with the Walt Disney Company, the Walt Disney World® Resort, or any of it's [sic] affiliates, subsidiaries, or designees."). The Complaint fails to plead any other facts suggesting any relationship between TWDC and the website at issue and thus does not plausibly plead any claim for direct or indirect infringement by TWDC. *See, e.g., Savtira Corp. v. Hillier*, 2011 WL 2216794 (M.D. Fla. 2011) (dismissing vague and implausible trademark infringement claims); *NCC Bus. Servs., Inc. v. Lemberg & Associates, LLC*, 2014 WL 5510892, at *9 (M.D. Fla. June 6, 2014) (recommending dismissal of dilution claim where: "Any allegations as to these elements are at best conclusory.") *report and recommendation adopted*, 2014 WL 5514247 (M.D. Fla. July 23, 2014).

The Complaint also fails to adequately allege any acts by TWDC that would make it liable for unfair competition and false advertising, dilution, or deceptive and unfair trade practices. The Court need not consider Plaintiff's "allegations based merely 'upon information and belief.'" *Smith*, 578 F. App'x at 936. Nevertheless, Plaintiff's claims for unfair competition and false advertising, dilution, and deceptive and unfair trade practices are based solely on such allegations. For example, Plaintiff alleges "[u]pon Information and belief, [TWDC] launched promotion and sales of its infringing battery chargers sometime in 2013 …." (Compl., ¶19), but provides no other factual details regarding the alleged launch or products at issue. *See also* Compl., ¶¶20-23 (alleging "[u]pon Information and belief," and without factual detail, TWDC's alleged promotional activities, infringing conduct, and awareness). As discussed above, the only detailed facts alleged regarding TWDC's conduct, not upon information and belief, relate to a website that itself disclaims any relationship to TWDC. Accordingly, the Complaint must be

9

dismissed for failure to plead plausible, non-conclusory allegations of fact supporting the claim that TWDC committed any acts of trademark infringement, dilution or other cognizable claims under state or federal law.

### 2.      Plaintiff's Dilution Claims Are Not Plausible

To establish a Lanham Act dilution claim, a plaintiff "must provide sufficient evidence that (1) the mark is famous; (2) the alleged infringer adopted the mark after the mark became famous; (3) the infringer diluted the mark; and (4) the defendant's use is commercial and in commerce." *Brain Pharma, LLC v. Scalini*, 858 F. Supp. 2d 1349, 1356-57 (S.D. Fla. 2012) (granting motion to dismiss dilution claim) (*citing, e.g.*, *Dahon N. Am., Inc. v. Hon*, 2012 WL 1413681, at *9 (C.D. Cal. 2102) (granting motion to dismiss dilution claim); *Portionpac Chem. Corp. v. Sanitech Sys., Inc.,* 217 F. Supp. 2d. 1238, 1251 (M.D. Fla. 2002); *Syndicate Sales,Inc. v. Hampshire Paper Corp.,* 192 F.3d 633, 639 (7th Cir. 1999)).

First, Plaintiff has failed to allege sufficient facts establishing that its asserted PowerBar mark is famous. To function as a trademark, a term must have "inherent or acquired distinctiveness" sufficient to designate the source of a particular good or service, while a famous mark "must be more than distinctive." *Carnival Corp. v. SeaEscape Casino Cruises, Inc.*, 74 F. Supp. 2d 1261, 1269 (S.D. Fla. 1999) (internal quotation marks omitted). To justify a dilution action, which allows claims against both competing and non-competing goods, the asserted mark must have recognition beyond its product category. *Id.* (The mark must have "value beyond its ability to distinguish a good or service's source"). Thus, trademark dilution claims are limited to "truly famous marks such as Budweiser beer, Camel cigarettes, and Barbie dolls." *Brain Pharma*, 858 F. Supp. 2d at 1356-57 (quoting *Dahon N. Am., Inc. v. Hon,* 2012 WL 1413681, at *9 (C.D.Cal. Apr. 24, 2012)); *see also Nat'l Distillers Products Co., LLC v. Refreshment Brands, Inc.,* 198 F. Supp. 2d 474, 486 (S.D.N.Y. 2002) (noting that the FTDA is "only intended to

protect truly famous marks, such as DUPONT, BUICK and KODAK") (citing *TCPIP Holding Co. v. Haar Commc'n, Inc.*, 244 F.3d 88, 99 (2d Cir. 2001)).

To determine whether a mark is famous, courts consider factors such as "(1) distinctiveness; (2) duration and extent of use; (3) duration and extent of advertising; (4) geographical extent of the mark; (5) channels of trade; (6) degree of recognition of the mark; (7) nature and extent of the use of the same or similar marks by other parties; and (8) whether the mark was registered." *Carnival*, 74 F. Supp. 2d at 1269. Neither continuous use of a mark nor a high volume of sales is sufficient to establish such fame. *Id.* at 1270 (finding "extensive advertising and sales are not sufficient to establish fame" of asserted "Fun Ship" trademark); *Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, 2013 WL 866867, at *6 (S.D.N.Y. Mar. 8, 2013) ("[A]llegations of extensive overall sales and advertising for a product line are insufficient to unilaterally support an assertion that the trade dress of those products has achieved the widespread renown necessary to establish fame."). Rather, plaintiffs must allege non-conclusory and plausible facts which would support a finding that their marks are sufficiently distinctive and famous in the eyes of the general public. *See, e.g., Brain Pharma*, 858 F. Supp. 2d at 1357 ("Plaintiff's mere allegation that the BPI mark is famous is insufficient to state a trademark dilution claim.").

The facts alleged in Plaintiff's Complaint do not satisfy this heightened standard. Plaintiff admits its trademark has been registered for little more than one year, and alleges a first use in commerce only three years ago. Compl., ¶8. Plaintiff's allegations of recognition of its mark consist only of claims regarding the scope of its advertising and sales, *see* Compl., ¶¶9-14,[1] and

---

[1] "[T]o the extent that [Plaintiff]'s allegations refer to sales, advertising expenditures, or product usage in countries other than the United States, *see* [Compl., ¶¶13, 21] …, these allegations are

11

the following conclusory language: "As the result of the substantial time, effort, and energy of the committed individuals at Battery on the Go, the POWERBAR® mark has become recognized and associated with the highest quality and most attractive portable battery chargers in the market." Compl., ¶15. Plaintiff has not alleged any facts that establish that the asserted mark has recognition beyond its use on portable battery chargers. Similar factual allegations have been held to fall short of plausibly pleading a dilution claim. *See, e.g., NCC Bus. Servs.*, 2014 WL 5510892, at *8-9 (recommending dismissal of dilution claim despite unsupported assertions that the plaintiff's trademark was famous in the "debt collection arena" and has been in use in that field since 1986); *see also Carnival*, 74 F. Supp. 2d at 1270 (finding "extensive advertising and sales are not sufficient to establish fame" of asserted "Fun Ship" trademark that was generally used only in conjunction with famous "Carnival" mark). Without any factual allegations related to the salient factors for this Court to examine, there is no basis for this Court to conclude that Plaintiff's asserted mark has obtained fame commensurate with brands like Kodak, Coca-Cola, Budweiser, or Barbie. On this basis alone, Plaintiff's dilution claim should be dismissed. *Spearmint Rhino Companies Worldwide, Inc. v. Chiappa Firearms, Ltd.*, 2012 WL 8962882, *2 (C.D. Cal. Jan. 20, 2012) (dismissing dilution claim because plaintiff failed to demonstrate that it was one of "the most truly prominent brands" to which protection applies); *Urban Grp. Exercise Consultants*, 2013 WL 866867 (granting motion to dismiss dilution claim); *Beckett v. Keith Urban*, Case No. CV 15-1407-R (C.D. Cal. July 6, 2015) (same) (copy attached hereto as **Exhibit "I"**).

Second, Plaintiff has failed to allege facts establishing that its asserted mark became famous before TWDC allegedly adopted the mark. The Complaint states no facts to support this

irrelevant to the fame analysis ...." *Urban Grp. Exercise Consultants, Ltd.*, 2013 WL 866867, at *6.

element, only the following conclusory statement: "Upon information and belief, Disney's unauthorized use of the POWERBAR® mark began after the mark became famous." Compl., ¶49. This bare conclusion is implausible, given Plaintiff's specific admissions that its mark has been registered for little more than one year and was first used in commerce only three years ago, Compl. ¶8. *See Pozdol*, 996 F. Supp. 2d at 1294 ("[T]he Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details in favor of general or conclusory allegations.") (internal quotation marks omitted); *see also Michael Caruso & Co. v. Estefan Enterprises, Inc.*, 994 F. Supp. 1454, 1463 (S.D. Fla.) *aff'd sub nom. Caruso v. Estefan*, 166 F.3d 353 (11th Cir. 1998) (noting that "fifteen years … has been generally held an insufficient amount of time for a mark to become famous"). Plaintiff's failure to allege facts establishing that TWDC adopted the allegedly infringing mark after Plaintiff's asserted trademark became famous provides a separate ground for dismissal. *See Brain Pharma*, 858 F. Supp. 2d at 1358 (S.D. Fla. 2012).

Third, Plaintiff's mark is weak, highly descriptive, if not generic, and thus of insufficient strength to support a dilution claim. To determine the strength of Plaintiff's mark, the Court must determine whether Plaintiff's mark is "(1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). To make this determination, the Court must consider both the mark and the goods or services that it identifies. J.T. McCarthy, Trademarks and Unfair Competition, § 11:20 at 489 (2d ed.1984) ("Whether a mark is weak and descriptive or strong and distinctive can be determined only by reference to the goods or services that it identifies. Thus, 'the mark BRILLIANT may be 'descriptive' on diamond, 'suggestive' on furniture polish, and 'arbitrary' on canned applesauce.'"). Here, Plaintiff's use of two words, "power" and "bar," combined to identify a bar-shaped device that

provides power to a battery renders Plaintiff's PowerBar mark highly descriptive, indeed, generic. Courts find a mark to be generic if it is commonly used as the name for the goods or services identified by the mark. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 532 n.7 (1987)( "A common descriptive name of a product or service is generic."). A mark is deemed highly descriptive if it plainly describes the goods or services at issue. *See TCPIP Holding Co. v. Haar Commc'ns, Inc.*, 244 F.3d 88, 93 (2d Cir. 2001) (finding that the use of the mark CHILDREN'S PLACE to describe "a place that sells children's merchandise" is highly descriptive). Regardless of whether Plaintiff's PowerBar mark is deemed generic or highly descriptive, in either case it is a very weak mark, falling far short of the strength of the class of truly famous, household name-type marks for which anti-dilution protection is reserved.

Plaintiff's alleged ownership of a federal registration for the mark "PowerBar" for batteries, chargers and related consumer electronic devices issued in February, 2014 (Compl., ¶8, Exh. A) does not render its weak mark strong. A trademark registration does not establish that Plaintiff's mark is strong, for likelihood-of-confusion analysis purposes. *Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.*, 856 F.2d 1445, 1448 (9th Cir. 1988). Even a registered mark unchallenged for five years and thus "incontestable" under 15 U.S.C. §1065 can be found to be weak if, for example, it consists of common words widely used in the market. *See World Triathlon Corp. v. Dawn Syndicated Prods.*, 2007 WL 2875456, at *4 (M.D. Fla. Sept. 28, 2007) *aff'd*, 303 F. App'x 808 (11th Cir. 2008) ("[D]espite its 'incontestable' status, this Court concludes that because Plaintiff's mark consists of a common English word that is regularly used by third parties within the sports market, Plaintiff's mark does not have strong trademark significance outside the use to which Plaintiff has already put its mark ...."). Because Plaintiff's mark is comprised solely of the combination of two words, "power" and "bar," which are at best

highly descriptive of the goods sold under the mark, Plaintiff's mark is undoubtedly weak, and falls far below the high bar required to demonstrate a "famous" mark for dilution claim. *Hasbro, Inc. v. Clue Computing, Inc.*, 66 F. Supp. 2d 117, 132 (D. Mass. 1999) *aff'd*, 232 F.3d 1 (1st Cir. 2000) ("marks consisting of relatively common terms and with use of the same terms by third parties … were not sufficiently famous to warrant [dilution] protection").

Fourth, use of the truly famous Disney family of marks together with the words "power" and "bar" render any dilution claim highly implausible. *See World Impressions, Inc. v. McDonald's Corp.*, 235 F. Supp. 2d 831, 847 (N.D. Ill. 2002) (holding DISNEYLAND mark famous). As noted, TWDC's use of the terms "power" and "bar" as two separate words, together with the word "battery," used solely to describe a bar that provides power to a battery, does not qualify as a "trademark use," but rather a generic or at best highly descriptive use. In other words, TWDC's alleged use of these terms is obviously intended to simply *name* the item being sold or *describe* its function, rather than designate any particular source or brand of the goods. Even if Plaintiff could plausibly allege that TWDC's use of those words does qualify as a trademark use, however, TWDC's use of the dominant, truly famous Disney marks in conjunction with the words "battery power bar" completely negates any possibility that a consumer might be confused as between Plaintiff and TWDC. *See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 228 (5th Cir. 2009) ("[C]ourts should give more attention to the dominant features of a mark. Even if two marks are distinguishable, we ask whether, under the circumstances of use, the marks are similar enough that a reasonable person could believe the two products have a common origin or association. To determine the 'meaning and connotation' of the marks, we consider the context of use, such as labels, packaging, and advertising.") (internal citations omitted).

TWDC began using its truly famous family of Disney marks long before Plaintiff alleges its first use in commerce of its mark in 2012. Compl., ¶8. Thus, TWDC's alleged use of its famous "Disney" mark in conjunction with the generic or highly descriptive terms "battery power bar" in connection with the sale of a device that (not surprisingly) provides power to a battery is highly unlikely to be perceived by any consumer as anything other than a utilitarian device identified with simple, descriptive terms and bearing the Disney brand. Under these facts, any risk of "dilution" of the strength or distinctiveness of a weak and relatively new mark such as "PowerBar" is extremely remote and highly implausible. Plaintiff pleads no facts to the contrary.

Fifth, widespread third-party use of Plaintiff's mark or closely similar marks further weakens Plaintiff's mark and renders any dilution claim highly implausible. *Michael Caruso & Co.*, 994 F. Supp. at 1463 ("[E]xtensive third party use of the word "bongo" undermines the inherent distinctiveness of Plaintiff's mark."); *Hasbro*, 66 F. Supp. at 132 (finding extensive third party use of the word "clue" weakened its distinctiveness as a mark precluding dilution protection for CLUE trademark). Notably, one way courts determine whether a mark is descriptive or suggestive is by examining whether others are using the same mark to describe their goods and services. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1143 (9th Cir. 2002) ("The need of others in the marketplace to use the term 'entrepreneur' to describe their goods or services confirms that EMI's mark is descriptive . . . Widespread *use* of a word by others may serve as confirmation of the *need* to use that word") (original emphasis). A basic review of the U.S. Patent and Trademark Office database reveals numerous third-party applications and registrations that contain the terms "power" and "bar" in connection with consumer electronic devices and other products. *See*, e.g., U.S. Trademark Application Serial

16

No. 86283925 (claiming June 22, 2014 as first use of "power bar" for "electrical apparatus, namely, charging stations for charging electric vehicles"); U.S. Trademark Registration No. 2647550 (claiming October 5, 2001 as first use of "POWERBAR" for "multiple outlet electrical power strip"); U.S. Trademark Registration No. 3184504 (claiming June 19, 1996 as first use of "POWERBAR" for "FOOD SUPPLEMENTS" among other uses). A copy of United States Patent and Trademark Office ("USPTO") records available online for these applications and registrations are attached as **Composite Exhibit "J."**[2]

Sixth, TWDC has not actually used Plaintiff's "PowerBar" mark in the form in which it is registered, and its alleged use of the two constituent words comprising the mark, separately, renders any alleged "confusion" or "dilution" even less plausible. The only allegations relating to TWDC's use of the terms at issue claims that it "advertises and packages its infringing products under the names 'Disney Power Bar – D-Tech Logo' and "Disney Battery Power Bar – Mickey Mouse." Compl., ¶ 16. Plaintiff's registered mark, however, consist of one only word, with the words "power" and "bar" run together as one word, with an uppercase "P" and "B", i.e. "PowerBar." Compl., Exh. A. Plaintiff does not allege TWDC uses the term "PowerBar" in that form; nor does Plaintiff allege TWDC uses the words "power" and "bar" in any manner other than with the dominant and truly famous marks "Disney" or "Mickey Mouse" or with the

---

[2] TWDC respectfully requests that the Court take judicial notice of these official records of the USPTO. *See Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 345 (S.D.N.Y. 2014) ("[T]he Court may take judicial notice of official records of the [USPTO]."); *see also Zinner v. Olenych*, 2015 WL 3539597, at *24 (E.D. Va. June 4, 2015) (taking judicial notice of issuance of trademark registration by USPTO); *Total Petroleum Puerto Rico Corp. v. Torres-Caraballo*, 672 F. Supp. 2d 252, 253 (D.P.R. 2009) (taking judicial notice of trademark registrations with USPTO); *Autodesk, Inc. v. Dassault Sys. SolidWorks Corp.*, No. 08–CV–04397, 2008 WL 6742224, at *2 n. 1 (N.D.Cal. Dec. 18, 2008) (taking judicial notice of trademark application publicly available on USPTO website). *Cf. Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) ("The district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry").

additional descriptive term "Battery." Because Plaintiff's mark is weak, even small differences in the marks at issue ensure that consumers are not likely to be confused. As a matter of law, the differences between Plaintiff's use of its registered mark "PowerBar" and TWDC's alleged use of the phrases "Disney Battery Power Bar" or "Disney Power Bar – D-Tech Logo" are significant, and render any dilution claim even more implausible.

Further, to the extent Plaintiff attempts to plead a separate claim based on trademark "dilution by blurring," it fails to satisfy the relevant factors: (i) the degree of similarity between Plaintiff's "PowerBar" mark and "Disney's Battery Power Bar"; (ii) the degree of inherent or acquired distinctiveness of the "PowerBar" mark; (iii) the extent to which Plaintiff is engaging in "substantially exclusive" use of the mark; (iv) the degree of recognition of Plaintiff's mark; (v) whether TWDC intended to create an association with Plaintiff's mark; and (iv) any actual association between TWDC and Plaintiff's mark. 15 U.S.C. § 1125(c)(2)(B). All of these factors favor TWDC, as shown above: Plaintiff's mark is not inherently distinctive; Plaintiff pleads no facts to show acquired distinctiveness; Plaintiff's use is not substantially exclusive; Plaintiff has failed to establish the degree of its mark's recognition; Plaintiff has not alleged facts showing TWDC intended any association with Plaintiff or showing consumers connect TWDC's goods with Plaintiff. Thus, to the extent Plaintiff claims dilution by blurring, such claim must also be dismissed.

Likewise, Plaintiff's state law trademark dilution claim, Count V of the Complaint, is governed by the same principles as its federal dilution claim, and must be dismissed for the same reasons. *See Florida Int'l Univ. Bd. of Trustees v. Florida Nat. Univ., Inc.*, 2015 WL 1208047, at *14 (S.D. Fla. Mar. 4, 2015) ("Courts have found that the standard for establishing a dilution claim under Florida law is essentially the same as that of a dilution claim under the Lanham

Act."); *see also Wyndham Vacation Ownership, Inc. v. Timeshares Direct, Inc.*, 2013 WL 5289734, at *4 (M.D. Fla. Sept. 19, 2013).

**CONCLUSION**

WHEREFORE, Defendant, THE WALT DISNEY COMPANY, respectfully requests that the Court dismiss Plaintiff's Complaint and grant such other and further relief the Court deems proper.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Although not required for motions to dismiss, pursuant to Local Rule 7.1(a)(3), Defendant's counsel conferred with counsel for Plaintiff in a good faith effort to attempt to resolve the personal jurisdiction and venue issues raised by this Motion without the need for the Court's intervention. Despite several emails and telephone conferences with counsel for Plaintiff by undersigned counsel, counsel for the parties were unable to resolve these issues by agreement.

***s/Gregory W. Herbert***
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
Joshua Brown
Florida Bar No. 826391
brownjr@gtlaw.com
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000
Facsimile No. (407) 841-1295

Marlene Silverman
Florida Bar No. 226947
silvermanm@gtlaw.com
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone No. (305) 579-0500
Facsimile No. (305) 579-0717

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via Electronic Mail to Robert Zarco, Esq., rzarco@zarcolaw.com, Alejandro Brito, Esq., abrito@zarcolaw.com, and Gabriel Estadella, Esq., gestadella@zarcolaw.com.

***<u>s/Gregory W. Herbert</u>***