UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:15-CV-21973-DPG

BATTERY ON THE GO, INC. d/b/a XSORii,

    Plaintiff,

v.

THE WALT DISNEY COMPANY, DISNEY
DESTINATIONS, LLC AND WALT DISNEY
PARKS AND RESORTS, U.S., INC.

    Defendants.

_____/

### DEFENDANT THE WALT DISNEY COMPANY'S
### MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Fed. Rule Civ. P. 12(b)(2) and (3), Defendant THE WALT DISNEY COMPANY ("TWDC") respectfully requests that the Court dismiss all claims of the First Amended Complaint (D.E. 16, "Amended Complaint") filed by Plaintiff BATTERY ON THE GO, INC. d/b/a XSORii ("Plaintiff") against TWDC.

### SUMMARY OF ARGUMENT

This is a trademark infringement action based on Defendants' alleged use of the words "Disney battery power bar" on packaging for a bar-shaped consumer device that provides power to batteries. Plaintiff's Amended Complaint must be dismissed because, as numerous courts have held, TWDC is not subject to personal jurisdiction in Florida and Plaintiff has not sufficiently pleaded facts to subject TWDC to personal jurisdiction in Florida. Moreover, venue is not proper in this Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's original Complaint falsely alleged a connection between TWDC and the website www.yourwdwstore.net, *see* D.E. 1, ¶16, despite that website's explicit disclaimer of

1

any connection to TWDC.[1] Upon review of the original Complaint, TWDC explained the lack of connection between TWDC and the alleged acts of infringement, and the lack of personal jurisdiction over TWDC in Florida to Plaintiff's counsel. Plaintiff ignored this information and failed to amend its Complaint to drop claims against TWDC. As a result, TWDC filed a Motion to Dismiss the Complaint, on jurisdictional and substantive grounds. *See* D.E. 13.[2]

Only in response to TWDC's first Motion to Dismiss did Plaintiff withdraw its initial Complaint. Unfortunately, the Amended Complaint fails to cure the fundamental flaw in the initial Complaint – the lack of personal jurisdiction over TWDC. Now Plaintiff suggests that TWDC is liable for alleged infringement occurring on a differet website, www.disneystore.com (the "Website"). *See* Amended Complaint, ¶18. Nevertheless, Plaintiff's new allegations regarding TWDC are similarly inaccurate. As set forth in the Declaration of Marsha Reed, attached hereto as **Exhibit A**, the business activities of TWDC consist primarily of ownership of stock in a variety of corporations operating in, among others, the fields of entertainment, recreation, and consumer products.[3] TWDC does not advertise, market, promote, package, or sell the products at issue in this case, in Florida or elsewhere. TWDC does not operate the newly identified Website, www.disneystore.com. The "live chat" or contact information provided on the Website does not lead to TWDC or its employees. Finally, TWDC does not operate retail locations in Florida or elsewhere.

Even if TWDC did market or sell such products through an international website – which it does not – the alleged activities would still be insufficient to confer personal jurisdiction over TWDC in Florida. Plaintiff's Amended Complaint fails to allege facts showing that TWDC

---

[1] *See* TWDC's prior Motion to Dismiss, D.E. 13, Exh. B ("Your WDW Store, its owners (CDI Marketing), and this website are private enterprises and are not in any way affiliated with the Walt Disney Company, the Walt Disney World® Resort, or any of it's [sic] affiliates, subsidiaries, or designees.").
[2] The prior Motion to Dismiss and supporting exhibits are hereby incorporated by reference herein.
[3] This was previously detailed in TWDC's first Motion to Dismiss. *See* D.E. 13-1 (Decl. of Marsha Reed).

targeted Florida residents in any way. Thus, all claims against TWDC should be dismissed. Because Plaintiff has already tried and failed to correct its claims against TWDC, and now pleads further inaccurate facts, based on an apparently unreasonable and insufficient investigation. TWDC, therefore, now seeks dismissal with prejudice and the recovery of attorneys' fees.

## ARGUMENT

### I. Standard of Review

Before taking any other action, a court must first determine whether it can exercise personal jurisdiction over a defendant. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). In considering a motion to dismiss for lack of personal jurisdiction, under Rule 12(b)(2), an evidentiary hearing is not required. *Melgarejo v. Pycsa Panama, S.A.*, 537 Fed. App'x. 852 (11th Cir. 2013). When the court does not hold a hearing, the plaintiff must establish *prima facie* personal jurisdiction by presenting "sufficient evidence by way of affidavits or deposition testimony to survive a motion for a directed verdict." *Id.* If plaintiff makes a *prima facie* showing of personal jurisdiction, the defendant must raise, through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction; if the defendant does so, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293 (11th Cir. 2009).

In considering a motion to dismiss for improper venue under Rule 12(b)(3), plaintiff bears the burden of showing the chosen venue is proper. As with a motion to dismiss for lack of personal jurisdiction, "the Court may consider matters outside the pleadings, such as affidavits. To the extent that the facts alleged in the complaint are uncontroverted by affidavits from the defendant, they are accepted as true for purposes of resolving the venue issue." *HME Providers, Inc. v. Heinrich*, 2010 WL 653920, at *1 (M.D. Fla. Feb. 18, 2010) (internal citations omitted).

## II. Grounds for Dismissal

### A. There Is No Basis for Personal Jurisdiction over TWDC

Plaintiff has failed to allege or otherwise establish any facts supporting personal jurisdiction over TWDC in Florida. Determining whether a Florida court has personal jurisdiction over a nonresident is a two-step inquiry: (1) the complaint must allege sufficient facts to bring the action within one of the jurisdictional criteria set forth in Florida's long-arm statute, Fla. Stat. § 48.193; and (2) if the complaint properly alleges long-arm jurisdiction, sufficient minimum contacts must be demonstrated that satisfy federal due process requirements. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996). "'Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.'" *Robinson*, 74 F.3d at 256 (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

Here, Plaintiff has failed to allege facts satisfying the federal due process requirements for either general or specific jurisdiction. General jurisdiction over a corporation exists only where "the corporation is fairly regarded as at home," such as the state where it is incorporated or has its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (internal quotation marks omitted). Plaintiff admits that TWDC "is a corporation organized under the laws of the State of Delaware with its principal place of business in Burbank, California." First Am. Compl., ¶3. Specific jurisdiction exists "where a corporation's in-state activities are not only continuous and systematic, but also give rise to the liabilities sued on." *Daimler*, 134 S. Ct. at 761 (internal quotation marks omitted). "[A] court may exercise specific jurisdiction over a non-resident defendant only when the plaintiff's cause of action arises from or is directly related to a defendant's contacts with the forum state." *Verizon Trademark Servs., LLC*

*v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1327 (M.D. Fla. 2011) (citing *Stubbs v. Wyndham Nassau Resort,* 447 F.3d 1357, 1360 (11th Cir. 2006) and finding no specific jurisdiction based on low percentage of infringing sales to Florida). As discussed below, Plaintiff failed to allege contacts between TWDC and Florida that would support general jurisdiction over TWDC. Moreover, Plaintiff's allegations of infringement, even if true, do not establish that TWDC committed acts justifying specific jurisdiction over TWDC in Florida.

Plaintiff alleges TWDC "sells the infringing products to consumers residing or otherwise located in Florida, and throughout the county and the world, through the online Disney Store, located at www.disneystore.com." Amended Complaint, ¶18. Plaintiff's allegations are simply incorrect. TWDC does not operate www.disneystore.com. Reed Decl., ¶14. Plaintiff also asserts that TWDC markets and sells the allegedly infringing products through retail locations. Amended Complaint, ¶26. Again these allegations are inaccurate. TWDC does not operate retail stores in Florida. Reed Decl., ¶12. Finally, Plaintiff asserts that, because the Website contains "Let's Chat" and "Contact Us" features, "consumers residing or otherwise located in Florida, and thought the country and the world, have repeatedly and continuously interacted with and exchanged and received information with and from [TWDC] and its employees, argents or online representatives" regarding the alleged infringing products. Amended Complaint, ¶¶19-23. Again these allegations are simply not true. TWDC employees do not communicate with consumers through these features. Reed Decl., ¶14. And the contact information provided on that site is not that of TWDC. Reed Decl., ¶14.

Of course, even if TWDC did operate the Website, which it does not, these allegations would be insufficient to subject it to personal jurisdiction in Florida. Plaintiff cannot satisfy the due process requirements for personal jurisdiction because, as shown by TWDC's Declaration,

TWDC does not have sufficient contacts with the State of Florida. TWDC is a publicly-traded Delaware corporation with its principal place of business in California. Reed Decl., ¶2. It is qualified to do business only in Delaware, California and New York. Reed Decl., ¶2. TWDC does not operate retail locations in Florida. Reed Decl., ¶¶8, 9, 12. TWDC is not qualified to do business in Florida, and it was not qualified to do business in Florida at the time of the events described in Plaintiff's Complaint. Reed Decl., ¶4. TWDC simply does not conduct business in Florida. Reed Decl., ¶5.

TWDC neither incurs Florida taxes nor pays taxes to Florida. Reed Decl., ¶6. TWDC has not appointed an agent for service of process in Florida. Reed Decl., ¶7. TWDC has no office or place of business in Florida. Reed Decl., ¶8. TWDC has no employees, telephone listings, mailing addresses, bank accounts, or real estate in Florida either now or at the time of the events described in Plaintiff's Amended Complaint. Reed Decl., ¶9. The business activities of TWDC consist primarily of ownership of stock in a variety of corporations. Reed Decl., ¶3.

TWDC is the ultimate parent of Walt Disney Parks and Resorts U.S., Inc. ("WDPR") and Disney Shopping, Inc. ("DS"); however, TWDC is a separate and distinct legal entity from WDPR and DS. Reed Decl., ¶10. WDPR operates retail locations inside the Walt Disney World Resort, in Lake Buena Vista, Florida, including the Magic Kingdom®. Reed Decl., ¶11. DS operates a retail website at www.disneystore.com. Reed Decl., ¶13. Nevertheless, TWDC does not operate the accused Website or retail locations. Reed Decl., ¶¶12, 14.

Even if TWDC did operate the accused Website, which it does not, the interactive features described by Plaintiff are not sufficient to subject TWDC to specific jurisdiction in Florida. Plaintiff's allegations fail to establish that TWDC sold any allegedly infringing products to persons residing in Florida or otherwise targeted Florida residents through the Website.

6

Plaintiff's allegations that Defendants marketed and sold the infringing products "throughout the county and the world," Amended Complaint, ¶¶18-20, 23-25, is not true with respect to TWDC,[4] but even if it was, that would actually "cut[] against" any claim that Defendants specifically targeted Florida. *Goforit Entm't LLC, v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1330 (M.D. Fla. 2007) (dismissing trademark action on jurisdictional grounds where plaintiff failed to plead targeting of Florida residents through its website accessible in all states). Moreover, the alleged interactive features, "live chat" functionality and contact information, Amended Complaint, ¶¶19, 20, do not "arise from" and are not "directly related to" the alleged infringement, and therefore do not support specific jurisdiction. *See Verizon Trademark Servs.*, 810 F. Supp. 2d at 1327. Further, *de minimis* sales of the accused products in Florida would be insufficient to subject a defendant to specific jurisdiction. *N. Ins. Co. of New York v. Constr. Navale Bordeaux*, No. 11-60462-CV, 2011 WL 2682950, at *5 (S.D. Fla. July 11, 2011) (finding "20 sales in Florida over approximately the last 2.4 years" insufficient to create specific jurisdiction). Thus far, DS has shipped only 35 units of the accused products originating from sales through www.disneystore.com. Of these, only 2 units were shipped to addresses in Florida.

Finally, prior court rulings have repeatedly held that TWDC is not subject to personal jurisdiction in Florida. *Walt Disney Co. v. Nelson*, 677 So. 2d 400 (Fla. 5th DCA 1996); *Corwin v. Walt Disney Co.*, Case No. 6:02-CV-1377-ORL-19KRS (M.D. Fla. April 10, 2003) (filed herein at D.E. 13, Exh. C); *Campbell v. Walt Disney Co.*, Case No. 6:02-CV-723-Orl-31JGG (M.D. Fla. Sept. 30, 2002), (*see* D.E. 13, Exh. D); *Fairytale Fragrances, Inc. v. Walt Disney Co.*, Case No. 97-4376-CIV-NESBITT (S.D. Fla. Dec. 4, 1998), (*see* D.E. 13, Exh. E); *All Pro Sports Camps, Inc. v. Walt Disney Co.*, Case No. 94-1140-CIV-ORL-19 (M.D. Fla. June 16, 1995), (*see* D.E. 13, Exh. F); *White v. Walt Disney Imagineering, Inc.*, Case No. CI93-8256 (Fla. Cir. Ct.

---

[4] Reed Decl., ¶15.

Orange County, July 17, 1997), (*see* D.E. 13, Exh. G); *Buchanan v. Walt Disney World Co.*, Case No. CI87-7646 (Fla. Cir. Ct. Orange County, June 13, 1987) (*see* D.E. 13, Exh. H). These rulings recognize clear, indisputable facts concerning TWDC's lack of contacts with Florida, facts which were previously explained to Plaintiff prior to the initial Motion to Dismiss and laid out in detail in that Motion when filed. Plaintiff has ignored these precedential cases, ignored the clear facts, ignored the prior Motion to Dismiss, and after all of that Plaintiff has still failed to plead facts to establish a *prima facie* basis for personal jurisdiction over TWDC. Accordingly, this Court should dismiss all claims against TWDC with prejudice.

### B. Venue Is Not Proper in Florida

Plaintiff has also failed to allege or otherwise establish any facts supporting venue in this Court. Pursuant to 28 U.S.C. § 1391(b):

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In considering 28 U.S.C. § 1391(b)(2), the subpart asserted here (Amended Complaint ¶6), the Court must focus on the actions of the defendant alleged to have caused the wrong. *See Sterling Wholesale, LLC v. Travelers Indem. Co. of Connecticut*, 2012 WL 1991456, at *2 (S.D. Fla. May 29, 2012).

As discussed above in relation to personal jurisdiction, Plaintiff correctly alleges that TWDC is a Delaware corporation with its principal place of business in California. Amended Complaint ¶3; Reed Decl., ¶2. Thus, venue is not proper under 28 U.S.C. § 1391(b)(1). TWDC is

8

subject to personal jurisdiction in Delaware, New York, and California, and a properly pled action could be brought in those states. Thus, venue is not proper under § 1391(b)(3).

With respect to § 1391(b)(2), the Court must focus on TWDC's activities in this district that allegedly harmed Plaintiff. *See Sterling Wholesale*, 2012 WL 1991456, at *2. Here, Plaintiff asserts a cause of action for trademark infringement and other related causes of action based on TWDC's alleged sales or marketing of consumer products in a manner likely to cause confusion with Plaintiff's products. As discussed above, TWDC does not conduct business in Florida, much less advertise or sell the allegedly infringing products here. Reed Decl., ¶¶5, 12, 15. Thus, Plaintiff cannot establish venue in Florida based on TWDC's activities.

## CONCLUSION

WHEREFORE, Defendant THE WALT DISNEY COMPANY ("TWDC") respectfully requests that the Court:

(1) dismiss all claims against TWDC with prejudice;

(2) deny Plaintiff leave to further amend its pleadings at this time;

(3) find that TWDC is entitled to an award of attorneys' fees and costs, and order TWDC to proceed as outlined in Local Rule 7.3 as to the amount of the award only;

(4) grant the remaining Defendants 14 days to respond to Plaintiff's First Amended Complaint; and

(5) grant such other and further relief the Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Although not required for motions to dismiss, pursuant to Local Rule 7.1(a)(3), TWDC's counsel had conferred with counsel for Plaintiff in a good faith effort to resolve the personal jurisdiction and venue issues raised herein prior to TWDC's Motion to Dismiss the original Complaint on similar grounds, as noted therein. *See* D.E. 13, at 19. Despite several emails and

telephone conferences with counsel for Plaintiff by undersigned counsel, counsel for the parties were unable to resolve these issues by agreement.

*s/Gregory W. Herbert*
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
Joshua Brown
Florida Bar No. 826391
brownjr@gtlaw.com
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000
Facsimile No. (407) 841-1295

Marlene Silverman
Florida Bar No. 226947
silvermanm@gtlaw.com
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone No. (305) 579-0500
Facsimile No. (305) 579-0717

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via electronic mail to Robert Zarco, Esq., rzarco@zarcolaw.com, Alejandro Brito, Esq., abrito@zarcolaw.com, and Gabriel Estadella, Esq., gestadella@zarcolaw.com.

*s/Gregory W. Herbert*